RECEIVED
IN ALEXANDRIA, LA.
SEP 1 6 2013
TONY R. MOORE, CLERK
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| DAVID CLINTON | CIVIL ACTION NO. 2:12-cv-2249 |
| VS. | JUDGE TRIMBLE |
| JOSEPH P. YOUNG | MAGISTRATE JUDGE KAY |

## MEMORANDUM OPINION AND ORDER

On August 9, 2013, this court filed a Report & Recommendation [doc. 7], recommending dismissal of petitioner's application for a writ of habeas corpus. Petitioner timely filed objections [doc. 10] to the Report & Recommendation. Included in the objections was a request to amend the petition to include the arguments raised by petitioner in his objections. In consideration of petitioner's request, the court has construed the objections and the arguments therein as a supplement/amendment to his original petition.

I.   **Statement of the Case**

The underlying facts of this matter as well as petitioner's initial arguments in support of his writ of habeas corpus are detailed in the court's Report and Recommendation. For the sake of brevity, they will not be reiterated here. However, the court will address the arguments advanced by petitioner in his objections/amended petition. Specifically, petitioner disagrees with the court's finding that he is not entitled to the application of the "savings clause" of 28 U.S.C. § 2255. He asserts that pursuant to the recent United States Supreme Court case of *Dorsey v. United States*, 132 S. Ct. 2321, 2331, 183 L. Ed. 2d 250 (2012), he is now entitled to the more lenient penalty guidelines established by the Fair Sentencing Act (FSA) of 2010. He further claims that another recent United States Supreme Court case, *Alleyne v. United States*,

1

133 S. Ct. 2151, 186 L. Ed. 2d 315 (2013), should be retroactively applied to his case. In sum, petitioner contends that he has established the requisite elements of the savings clause. Namely, that he is entitled to pursue his §2241 writ of *habeas corpus* because a remedy under § 2255 is inadequate or ineffective as new, retroactively applicable Supreme Court decisions have shown that his claims herein were previously foreclosed by circuit law.

II.   Law and Analysis

1.   *Alleyne v. United States*

Petitioner contends that the recent Supreme Court decision in *Alleyne* entitles him to relief in this collateral proceeding. Petitioner relies on the following holding from the *Alleyne* Court:

> [a]ny fact that, by law increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury. *Alleyne*, 133 S.Ct. at 2155 (citation omitted).

Based on the above, petitioner claims that his Sixth Amendment right to a jury trial and his Fifth Amendment right to due process were violated as his sentence was unjustly enhanced at sentencing by the judge rather than the jury. In keeping, he states that he should be resentenced in accordance with *Alleyne*.

Contrary to petitioner's contentions otherwise, there is no indication in *Alleyne* that the Supreme Court made its holding retroactive to cases on collateral review. While it does not appear that the Fifth Circuit has, as of yet, ruled on this issue, the courts that have addressed it have all held that *Alleyne* is not retroactive. See *Mingo v. United States,* No. 1:03–CR–203–05;

No. 1:13–CV–787, 2013 WL 4499249, at 2 (W.D.Mich., Aug. 19, 2013) (denying § 2255 motion because "The holding in *Alleyne* does not qualify as a new 'watershed rule.' "); *United States v. Eziolisa,* No. 3:10–CR–039, No. 3:13–CV–236, 2013 WL 3812087, at 3 (S.D.Ohio, July 22, 2013) (holding that because *Alleyne* neither places any primary conduct beyond the power of the United States to punish, nor adopts a "watershed" rule, it does not apply retroactively to a motion for relief from sentence filed under § 2255); *Carter v. Coakley,* No. 4:13 CV 1270, 2013 WL 3365139, at 4 (N.D.Ohio, July 3, 2013) (holding that *Alleyne* did not provide relief under § 2241 because "*Alleyne* is not such an intervening change in the law and does not decriminalize the acts which form the basis of Petitioner's conviction."); *Smith v. Holland,* No. 13 CV 147, 2013 WL 4735583 (E.D. Ky., Sept. 3, 2013); *Simpson v. United States,* 2013 WL 3455876 at 1 (7th Cir. July 10, 2013); *United States v. Ailsworth,* 2013 WL 4011072, at 1 (D. Kan., Aug.6, 2013); *United States v. Stewart,* 2:09-CR-12, 2013 WL 4553349 (S.D. Miss., Aug. 28, 2013); *United States v. Cantu–Rivera,* 2013 WL 3873281, at 1 (S.D.Tex., July 24, 2013).

Furthermore, "*Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Supreme Court has held that other rules based on *Apprendi* do not apply retroactively on collateral review." *Mitchell v. United States,* 2013 U.S. Dist. LEXIS 120755, at 6 (W.D.Tex., Aug. 26, 2013). See also *Schriro v. Summerlin*, 542 U.S. 348 (2004).

Based on the above, this court is unable to conclude that *Alleyne* affords petitioner any retroactive relief.

## 2. Actual Innocence

*Alleyne* is not retroactively applicable to his case, and, even if it was, it does not establish his actual innocence of the underlying, substantive crimes for which he was convicted. "Actual

innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). In this case, petitioner has made no valid attempt to show he was actually innocent of the crimes of which he was convicted.

### 3. Fair Sentencing Act/*Dorsey v. United States*

Petitioner's contention that he is entitled to a reduction in his sentence based on the Fair Sentencing Act of 2010 is misplaced. The FSA's more lenient penalties apply to those offenders whose crimes preceded the Act's effective date of August 3, 2010, but who are sentenced after that date. *Dorsey v. United States*, 132 S. Ct. 2321, 2331, 183 L. Ed. 2d 250 (2012). As detailed in this court's Report and Recommendation, petitioner in this case does not fall in that guideline.

### I. Conclusion

Petitioner's allegations are insufficient to invoke the savings clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

### II. Order

The court has conducted an independent review of the record; a *de novo* determination of the issues; and, considered the objections/amended petition filed herein. In consideration thereof, the court determines that the findings of the Magistrate Judge previously filed herein are correct under applicable law. Based on the reasons stated in the Report and Recommendation as well as the additional reasons stated by this court herein, it is

**ORDERED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

**THUS DONE AND SIGNED,** in chambers, Lake Charles, Louisiana, on this 16th day of September, 2013.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE